**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN T. KELLY,<br><br>    Plaintiff,<br><br>  v.<br><br>JON B. YEAGER, CORY CONWELL and FFE TRANSP. SERV., *et al.*,<br><br>    Defendants. | Civil Action No. 13-2493 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Brian T. Kelly's ("Plaintiff") motion to transfer venue. (Pl.'s Br., ECF No. 13.) Defendants Jon B. Yeager ("Yeager") and FFE Transportation Services, Inc. ("FFE Transportation") (collectively, "Defendants") filed opposition. (Defs.' Opp'n Br., ECF No. 14.) Plaintiff replied. (Pl.'s Reply Br., ECF No. 15.) The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, Plaintiff's motion is granted.

I.  **Factual Background and Parties' Positions**

Plaintiff is a New Jersey resident. (Compl. at 1 ¶ 1, ECF No. 1.) Defendant Yeager resides in Medford, Oregon. (*Id.* at ¶ 2.) Defendant Cory Conwell ("Conwell") is a resident of Norman, Oklahoma. (*Id.* at ¶ 3.) Defendant FFE Transportation is a corporation with offices in Lancaster, Pennsylvania. (*Id.* at ¶ 4.) Plaintiff claims that on or about May 16, 2011, he suffered injuries when he was struck by a vehicle owned by Defendants Conwell and FFE Transportation and operated by Defendant Yeager. (Compl. at 2 ¶ 9.) Plaintiff filed suit in the District of New

Jersey based on diversity of citizenship. (*Id.* at ¶ 4.) Plaintiff alleged that venue was proper in the District of New Jersey based on his residency in the District and Defendants' business contacts in the District. (*Id.* at ¶ 5.)

Plaintiff now moves to transfer his case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Plaintiff asserts that venue lies in the Eastern District of Pennsylvania as that is the situs of the accident. (Pl.'s Br. at 5.) Plaintiff additionally argues that if this matter were transferred, there will be no issue as to the Court's *in personam* jurisdiction over Defendants. (*Id.* at 3-4.) According to Plaintiff, the private and public factors that the Court must consider under § 1404(a) weigh heavily in favor of transfer. (*Id.* at 6.) The Eastern District of Pennsylvania serves as a more convenient forum for the Defendants as they regularly conduct business and maintain contacts in Pennsylvania. (*Id.* at 5-6.) It would also be more convenient for witnesses to provide testimony in the forum where the accident occurred. (*Id.* at 6.) Furthermore, Pennsylvania has a greater interest in the outcome of this litigation and its substantive law would apply. (*Id.*)

Defendants oppose Plaintiff's motion, arguing that Plaintiff seeks to transfer venue because he filed suit in a jurisdiction that lacked personal jurisdiction over Defendant Yeager. (Def.'s Opp'n Br. 1.) Defendants further argue that Plaintiff did not choose to voluntarily dismiss the case and re-file in the Eastern District of Pennsylvania because the applicable statute of limitations has lapsed. (*Id.*) Defendants also argue that it is highly prejudicial and not convenient or in the interest of justice for Defendant Yeager to defend a lawsuit in the alternative forum when he was not served within the applicable statute of limitations period. (*Id.*) Defendants assert they would be prejudiced by having to initiate their defense anew and retain new counsel.

2

(*Id.*) According to Defendants, § 1404(a)'s private and public factors weigh against transfer. New Jersey is a convenient forum because Plaintiff is domiciled in New Jersey and other potential witnesses are located in New Jersey. (*Id.* at 6.) Additionally, enforceability of a judgment would be the same in either forum. Furthermore, trial would not be any less easy, expeditious or expensive if the case remains in the current venue. (*Id.*)

## II.  Discussion

A federal district court may transfer a civil action to a different venue under 28 U.S.C. §§ 1404(a) or 1406(a). Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Third Circuit has explained that "Section 1404(a) provides for the transfer of a case where both the original and requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

Although Plaintiff brought this motion pursuant to § 1404(a), he has not demonstrated that New Jersey is a proper venue for this action. Notably, 28 U.S.C. § 1391(b) provides:

    A civil action may be brought in —

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

3

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff does not allege that all Defendants are New Jersey residents or that his claim concerns events or property in this State. New Jersey, then, is not a permissible venue under either §§ 1391(b)(1) or (b)(2). Nor does venue lay in this district pursuant to § 1391(b)(3), which applies only when "there is no district in which an action may otherwise be brought." Plaintiff could have brought this action in the Eastern District of Pennsylvania–where the motor vehicle accident that gave rise to his claim occurred. Thus, New Jersey is not a proper venue for this action, and Plaintiff's motion must be considered under § 1406(a).

The Third Circuit has noted that § 1406(a)'s "transfer provision is designed to preserve claims that rigid application of dismissal rules may bar." *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)). In addition, "§ 1406(a) transfers do not require that prejudice should result from filing an action in an improper forum if the initial filing was made in good faith." *Id.* Moreover, "the filing itself of a lawsuit, even in an improper forum, shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure and toll[s] whatever statutes of limitation would otherwise apply." *Id.* (internal quotations omitted). Here, the motion papers do not reflect

4

bad faith on the part of Plaintiff, and the Court finds that it is in the interest of justice to transfer the case to the Eastern District of Pennsylvania pursuant to § 1406(a).[1]

### III. Conclusion

After careful consideration and for other good cause shown, Plaintiff's Motion to Transfer is granted. Defendant's request for attorney's fees is denied. An appropriate form of Order will issue.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: May 30, 2014

---

[1] The Court would reach the same decision pursuant to § 1404(a), which grants the Court discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (internal quotations omitted). While courts may consider all relevant factors, generally they must weigh both private and public considerations. *Jumara* at 879. Under a § 1404(a) analysis, Plaintiff's new choice of venue would not be afforded much weight since Plaintiff originally chose to file suit in New Jersey. Defendant's preference would weigh against transfer. Significantly, this controversy arose from a motor vehicle accident in Philadelphia. Therefore, the Eastern District of Pennsylvania is where a substantial part of the events giving rise to the claim occurred. This factor would strongly weigh in favor of transfer. In addition, it is in the interest of the Eastern District of Pennsylvania to adjudicate a controversy arising from an accident within the forum. As such, the Court would also transfer pursuant to § 1404(a).